UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/19/2020
```

CHAUNCEY RAMOS,

                Plaintiff,

      -against-

CITY OF NEW YORK,

                Defendant.

20-CV-6852 (AJN)

ORDER OF SERVICE

ALISON J. NATHAN, United States District Judge:

    Plaintiff, who is proceeding *pro se* and is currently incarcerated in Sing Sing Correctional Facility, brings this action under 42 U.S.C. § 1983, alleging that a New York State court improperly sentenced him in 1992 as a persistent violent felony offender. By order dated November 18, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## DISCUSSION

### A.    Operative Complaint

    On September 15, 2020, the Court received from Plaintiff an amended complaint. Dkt. No. 5. But he failed to attach to the amended complaint the exhibits from his original pleading. The Court, therefore, will treat the original and amended complaints, Dkt. Nos. 1 and 5, together as the operative complaint for this action.

### B.    Service on the City of New York

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Court consolidates Plaintiff's original and amended complaints (ECF Nos. 1 and 5) and will treat them together as the operative complaint.

The Clerk of Court is further instructed to issue a summons, complete the USM-285 forms with the address for the City of New York, and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: November 19, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

1.     City of New York
       100 Church Street
       New York, New York 10007