UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Chauncy Ramos,

                Plaintiff,

      –v–

City of New York,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/13/21

20-cv-6852 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Presently before the Court is *pro se* Plaintiff Chauncy Ramos's motion for leave to file a Second Amended Complaint. For the reasons that follow, the Court DENIES that motion.

## I.    Background

    Plaintiff alleges that a New York State ("NYS") Supreme Court Justice wrongfully designated and sentenced him as a persistent violent felony offender in 1992, and he claims that this was in violation of his Fifth, Eighth, and Fourteenth Amendment rights. The original complaint was filed against the City of New York on August 24, 2020. Dkt. No. 1. On September 15, 2020, Plaintiff filed the First Amended Complaint. Dkt. No. 5. The City of New York moved to dismiss that Complaint on February 18, 2021. Dkt. Nos. 16–17. Plaintiff then filed the Second Amended Complaint on March 17, 2021. Dkt. No. 24. On March 29, 2021, the City moved to dismiss the SAC. Dkt. No. 25. That motion remains pending. On April 14, 2021, Plaintiff requested leave to amend the Complaint again in order to add an additional defendant. Dkt. No. 28. The Defendant opposes that motion. Dkt. No. 29.

## II. Legal Standard

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, the Court "should freely give leave" to amend the Complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend is within the discretion of the trial court, but should be granted only when factors such as undue delay or undue prejudice to the opposing party are absent." *Spratt v. Verizon Comms. Inc.*, No. 11 Civ. 0273 (AJN), 2012 WL 6629102, at *2 (S.D.N.Y. Dec. 20, 2012) (citing *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 345 (2d Cir. 2004). "Where, as here, a scheduling order governs amendments to the complaint, 'the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.'" *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (citations omitted). The good cause determination turns on the "diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Generally, however, the purpose of Rule 16(b) is to provide district courts "discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). This analysis is governed by the "strong preference" in this Circuit "for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (citation omitted).

Rule 7(b) requires that all motions "state with particularity the grounds therefore, and shall set forth the relief or order sought." Fed. R. Civ. P. 7(b)(1). In the context of motions to amend, courts in this district sometimes require that the movant supply a copy of the proposed amendment. *See, e.g.*, *Bankruptcy Trust of Gerard Sillam v. Refco Group, LLC*, No. 05-cv-

10072 (GEL), 2006 WL 2129786, at *5 (S.D.N.Y. Jul. 28, 2006). At a minimum, on a motion seeking to amend a pleading, a party must provide details of the proposed changes to the pleading. *See, e.g.*, *Huelbig v. Aurora Loan Servs., LLC*, No. 10-cv-6215 (RJH) (THK), 2011 WL 4348281, at *3 (S.D.N.Y. May 18, 2011), *report and recommendation adopted*, No. 10-cv-6215 (RJH) (THK), 2011 WL 4348275 (S.D.N.Y. Sept. 16, 2011) (noting that the "Plaintiff must offer some factual detail or evidence as to what would change in the pleading"). "Absent some indication as to what [the plaintiff] might add to their complaint in order to make it viable," a request to amend a complaint is typically not warranted. *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004) (citations omitted).

### III. Discussion

Plaintiff's motion does not provide any details regarding the proposed amendment, and he did not supply a copy of the proposed amendment. Instead, Plaintiff merely states that he seeks to add an additional defendant that he did not add when he filed the Second Amended Complaint. Dkt. No. 28 at 1. This is inconsistent with Rule 7(b)'s particularity requirement. *Refco Group, LLC*, 2006 WL 2129786, at *5. For instance, the Plaintiff does not identify who that missing defendant is, nor does he explain why the addition of that defendant would help make his claim more viable or otherwise aid his case. Lacking any relevant information as to the proposed amendment beyond the conclusory observation that adding that defendant is warranted, the Court cannot grant the motion to amend. *See Nat'l Union of Hosp. Health Care Employees v. Carey*, 557 F.2d 278, 282 (2d Cir. 1977) (noting that amendment is not warranted when the Court lacks any indication as to what the new defendant might add to make plaintiff's claim more viable). Thus, while the Court is cognizant of the Plaintiff's *pro se* status—and of the liberal standard that Rule 15(a)(2) sets forth regarding amendment—it sees no basis to grant this

request. The motion is accordingly denied.

### IV.   Conclusion

Plaintiff's motion for leave to file a Third Amended Complaint is DENIED. The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Plaintiff shall respond to the City's motion to dismiss the Second Amended Complaint, Dkt. Nos. 26–27, by October 15, 2021. In light of the motion to dismiss the Second Amended Complaint, the City's motion to dismiss the Complaint and the Amended Complaint is administratively denied. *See* Dkt. No. 16.

The Clerk of Court is respectfully directed to mail a copy of this Order to the Plaintiff and note its mailing on the public docket.

This resolves Dkt. Nos. 16, 28.


SO ORDERED.


Dated: September 13, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge